UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| URSULA NEWELL-DAVIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COURTNEY N. PHILLIPS, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 2:21-CV-00049-NJB-JVM <br><br> JUDGE NANNETTE JOLIVETTE BROWN <br><br> MAGISTRATE JUDGE JANIS VAN MEERVELD |

### DEFENDANTS' ANSWER TO COMPLAINT

Defendants Courtney N. Phillips, Ruth Johnson, Julie Foster Hagan, Cecile Castello, and Dasiny Davis (collectively, "Defendants"), provide this Answer in response to Plaintiffs' complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiffs' complaint except for those expressly admitted. For the avoidance of doubt: (a) Defendants deny all summations, characterizations, etc. of legal authorities on the basis that such allegations state a legal conclusion as to which no response is required, and that legal authorities speak for themselves; and (b) Defendants deny all headings.

1

## INTRODUCTION

1. Admitted that Ursula Newell-Davis and Sivad Home and Community Services, LLC, are the plaintiffs bringing this case. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of this paragraph; it is therefore denied.

2. Admitted that, under La. Admin. Code tit. 48, § 12523(A), home and community-based service ("HCBS") providers may not be licensed to operate "unless the FNR [Facility Need Review] Program has granted an approval for the issuance of an HCBS provider license." Otherwise denied.

3. Admitted that La. Admin. Code tit. 48, § 12523(C) provides: "The department will review the application to determine if there is a need for an additional HCBS provider in the geographic location for which the application is submitted." Otherwise denied.

4. The allegations concerning the purpose of Louisiana's FNR law are denied. The remainder of this paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

5. The legal conclusions in this paragraph require no response. To the extent a response is required, they are denied. Otherwise denied.

6. Admitted that plaintiffs seek a declaratory judgment, a permanent injunction against the challenged rule, and costs and fees, and do not seek money damages.

## JURISDICTION AND VENUE

7. Admitted that Plaintiffs bring this suit under 42 U.S.C. § 1983, the Fourteenth Amendment to the U.S. Constitution, the Louisiana Constitution, and 28 U.S.C. § 1367. Otherwise denied.

8. Admitted.

9. Admitted.

## PARTIES

10. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

12. Admitted.

13. Admitted that Defendant Courtney N. Phillips is the Secretary of the Louisiana Department of Health. Otherwise denied.

14. Admitted that Defendant Ruth Johnson is the Undersecretary of the Louisiana Department of Health; Julie Foster Hagan is the Assistant Secretary of the Louisiana Department of Health's Office for Citizens with Developmental Disabilities; Cecile Castello is the Health Standards Section Director of the Louisiana Department of Health; and Dasiny Davis is the Facility Need Review Program Manager of the Louisiana Department of Health. Otherwise denied.

## FACTUAL ALLEGATIONS

### I. Plaintiffs want to provide safe, affordable and much-needed respite care to special needs children and their families

15. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

22. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

### II. The challenged law and its enforcement

23. Admitted that La. Admin. Code tit. 48, § 5003 defines "Respite Care" as "an intermittent service designed to provide temporary relief to unpaid, informal caregivers of the elderly and/or persons with disabilities." Admitted that La. Admin.

Code tit. 48, § 12501 defines "Home and Community Based Service (HBCS) Providers" to include "any [ ] group intending to provide or providing respite care services." Admitted that La. Admin. Code tit. 48, § 12523(A) provides, in part, "No HCBS provider shall be licensed to operate unless the FNR Program has granted an approval for the issuance of an HCBS provider license." Otherwise denied.

24. Admitted that La. Rev. Stat. 40:2120.6(A) provides, in part,

"A home- and community-based service provider shall not operate without a license issued by the licensing agency, regardless of provider payor source. Any such facility or provider operating without a license shall be guilty of a misdemeanor and upon conviction shall be fined no less than two hundred fifty dollars nor more than one thousand dollars. Each day of violation shall constitute a separate offense."

Otherwise denied.

25. Admitted that La. Admin. Code tit. 48, § 12505(A) provides, in part, "FNR applications shall be submitted to the Bureau of Health Services Financing, Health Standards Section, Facility Need Review Program. The application shall . . . be accompanied by a nonrefundable fee of $200." Otherwise denied.

26. Admitted that La. Admin. Code tit. 48, § 12523(C)(1) states: "The department will review the application to determine if there is a need for an additional HCBS provider in the geographic location for which the application is submitted." Admitted that *id.* § 12523(C)(2) states: "The department shall grant FNR approval only if the FNR application, the data contained in the application, and other evidence effectively establishes the probability of serious, adverse consequences to recipients' ability to access health care if the provider is not allowed to be licensed." Admitted that *id.* § 12523(C)(4) states, in part: "The burden is on the applicant to

provide data and evidence to effectively establish the probability of serious, adverse consequences to recipients' ability to access health care if the provider is not allowed to be licensed." Otherwise denied.

27. Admitted that La. Admin. Code tit. 48, § 12523(C)(3) provides: "In reviewing the application, the department may consider, but is not limited to, evidence showing: [a.] the number of other HCBS providers in the same geographic location and region servicing the same population; and [b.] allegations involving issues of access to health care and services." Otherwise denied.

28. Denied.

29. Denied.

30. Admitted that La. Admin. Code tit. 48, § 12523(A) provides, in part, "Once the FNR Program approval is granted, an HCBS provider is eligible to be licensed by the department, subject to meeting all of the requirements for licensure." Admitted that Plaintiffs challenge the FNR process rather than the licensing requirement. Otherwise denied.

31. Admitted that La. Admin. Code tit. 48, § 12523(D) provides:

"Applications for approvals of licensed providers submitted under these provisions are bound to the description in the application with regard to the type of services proposed as well as to the site and location as defined in the application. FNR approval of licensed providers shall expire if these aspects of the application are altered or changed."

Otherwise denied.

32. Admitted that La. Admin. Code tit. 48, § 12541(B) provides, in part: "An applicant may request an administrative hearing within 30 calendar days after receipt of the department's notice of denial of facility need review," and that "[a] fee

of $500 must accompany a request for an appeal." Admitted that La. Admin. Code tit. 48, § 12505(B)(4) provides, in part:

> "If FNR approval is denied, the applicant may choose to:
> a. pursue an administrative appeal pursuant to Subchapter G, § 12541; or
> b. within 30 days of receipt of the notice of denial of FNR approval, and prior to filing an administrative appeal, request a supplemental review of additional documentation to be submitted by the applicant."

Otherwise denied.

33. Denied.

34. Admitted that the Department decided at least 119 HCBS applications between January 2019 and September 2020, and denied at least 86 of them. Admitted that the denied applicants were sent letters. Otherwise denied.

35. Admitted.

36. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

### III. The Facility Need Review requirement prevents Plaintiffs from providing safe and affordable respite care to special needs children and their families

37. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

7

40. Admitted that, as stated in Footnote 5 of the Complaint, Plaintiffs do not challenge the denial of the FNR application. Admitted that Plaintiffs' FNR application was denied and that Plaintiffs received sent a letter to that effect. Otherwise denied.

41. Admitted that the denial letter sent to Plaintiffs stated that "in reviewing your application, the department considered: [a.] the number of other HCBS providers in the same geographic location and region servicing the same population; and [b.] whether there were allegations involving issues of access to health care and services.' Otherwise denied.

42. Denied.

### IV. History of Louisiana's Facility Need Review requirement

43. Admitted.

44. Admitted.

45. Denied.

46. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

47. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

48. Admitted that the federal government enacted that National Health Planning Resources Development Act in 1974, which provided that "[e]ach State Agency of a State designated under section 1521(b)(3) shall . . . administer a State certificate of need program which applies to new institutional health services proposed to be offered or developed within the State." P.L. 93-641, § 1523(a)(4)(B).

Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of this paragraph; it is therefore denied.

49. Denied.

50. Admitted that the cited Federal Trade Commission and Department of Justice report includes the quotes: "CON programs can retard entry of firms that could provide higher quality services than the incumbents," "CON programs may actually increase health care costs, as supply is depressed below competitive levels," and "This process has the effect of shielding incumbent health care providers from new entrants." *See Improving Health Care: A Dose of Competition* 1, 304–05 (2004), ftc.gov/sites/default/files/documents/reports/improving-health-care-dose-competition-report-federal-trade-commissionand-department-justice/040723healthcarerpt.pdf. Otherwise denied.

51. Denied.

52. Denied.

V. **Louisiana's Facility Need Review process has no rational relationship to any legitimate government interest**

53. Admitted that Louisiana's FNR process can control costs, improve quality, and increase access to care. Otherwise denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## VI.   **Plaintiffs' Injury**

61. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

62. Admitted that respite care facilities are required by La. Admin. Code tit. 48, § 12523 to undergo Facility Need Review. Otherwise denied.

63. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

64. Denied.

65. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

66. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

67. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

68. Admitted that Plaintiffs contend the challenged laws are unconstitutional, whereas Defendants claim they are constitutional. The remainder of this paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

69. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

## Legal Claims

## Count I

## Due Process of Law (Fourteenth Amendment to the U.S. Constitution)

70. Defendants reallege their answers as set forth in the preceding paragraphs.

71. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

72. Admitted that respite care facilities are required by La. Admin. Code tit. 48, § 12523 to undergo Facility Need Review. Otherwise denied.

73. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

74. The first sentence of this paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied. Otherwise denied.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

76. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

77. Denied.

78. Admitted that Louisiana's FNR laws apply across the state. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; they are therefore denied.

79. Denied.

80. Denied.

81. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

82. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

## Count II

### Equal Protection (Fourteenth Amendment to the U.S. Constitution)

83. Defendants reallege their answers as set forth in the preceding paragraphs.

84. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

85. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

86. Admitted that respite care facilities are required by La. Admin. Code tit. 48, § 12523 to undergo Facility Need Review. Otherwise denied.

87. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

88. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

89. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

90. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

91. Denied.

92. Denied.

93. Denied.

94. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

95. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

## Count III

**Privileges or Immunities (Fourteenth Amendment to the U.S. Constitution)**

96–99. Plaintiffs' Privileges or Immunities Clause claim was dismissed by this Court's Order dated 30 July, 2021. To the extent a response to these paragraphs is required:

96. Defendants reallege their answers as set forth in the preceding paragraphs.

97. Denied.

98. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

99. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

## Count IV

## Due Process of Law (La. Const. art. I, § 2)

100. Defendants reallege their answers as set forth in the preceding paragraphs.

101. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

102. Admitted that respite care facilities are required by La. Admin. Code tit. 48, § 12523 to undergo Facility Need Review. Otherwise denied.

103. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

104. Denied.

105. Denied.

106. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

107. Denied.

108. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

109. Denied.

110. Denied.

111. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

112. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

## Count V

### Equal Protection (La. Const. art. I, § 3)

113. Defendants reallege their answers as set forth in the preceding paragraphs.

114. Admitted that article I, Section 3 of the Louisiana Constitution states, in part, "[n]o person shall be denied the equal protection of the laws." The remainder of this paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

115. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

116. Admitted that respite care facilities are required by La. Admin. Code tit. 48, § 12523 to undergo Facility Need Review. Otherwise denied.

117. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

118. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

119. Defendants lack knowledge or information sufficient to form a belief about the truth of this paragraph; it is therefore denied.

120. This paragraph states a legal conclusion as to which no response is required. To the extent a response is required, it is denied.

121. Denied.

122. Denied.

123. Denied.

124. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

125. This paragraph states legal conclusions as to which no response is required. To the extent a response is required, it is denied.

## REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested, or any relief whatsoever. Defendants respectfully ask that the Court enter judgment against Plaintiffs and grant Defendants such additional and further relief as the Court may deem just, proper, and necessary, including their costs and attorneys fees as provided by law.

## DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), Defendants state the following defenses:

1. There is neither factual nor legal support for injunctive or equitable relief; in particular, plaintiffs have not met the standard for the permanent injunction they request.

2. Plaintiffs have not met the requirements for a Constitutional challenge under *Vallo v. Gayle Oil Co.*, 94-1238 (La. 11/30/94), 646 So. 2d 859, 864–65.

3. Defendants reserve the right to assert additional defenses.

August 16, 2021

                                                            Respectfully submitted,

| | |
|---|---|
| /s/ *Neal R. Elliott, Jr.* | /s/ *Shae McPhee* |
| Neal R. Elliott, Jr. (#24084) | Elizabeth B. Murrill (#20685) |
| Kimberly L. Sullivan (#27540) |   Solicitor General |
| Kimberly L. Humbles (#24465) | Shae McPhee (#38565) |
| Stephen R. Russo (#23284) |   Deputy Solicitor General |
| LOUISIANA DEPARTMENT OF HEALTH | OFFICE OF THE ATTORNEY GENERAL |
| 628 N. 4th Street | LOUISIANA DEPARTMENT OF JUSTICE |
| P.O. Box 3836 | 909 Poydras Street, Suite 1850 |
| Baton Rouge, Louisiana 70821-3836 | New Orleans, Louisiana 70112 |
| Telephone: (225) 342-1128 | Telephone: (225) 938-0779 |
| Facsimile: (225) 342-2232 | Email: mcphees@ag.louisiana.gov |
| Email: Neal.Elliott@la.gov | |
|       Kimberly.Sullivan@la.gov | *Counsel for Defendants* |
|       Kimberly.Humbles@la.gov | |
|       Stephen.Russo@la.gov | |